PAUL ANTHONY MARTIN
Acting United States Attorney
District of Arizona
MARK J. WENKER
Assistant United States Attorney
Arizona State Bar No. 018187
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone: (602) 514-7500
Mark.Wenker@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff,<br>v.<br><br>Six Firearms,<br><br>                    Defendants *In Rem*. | **VERIFIED COMPLAINT FOR FORFEITURE *IN REM*** |

Plaintiff United States of America brings this Complaint and alleges as follows in accordance with Rule G(2) of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"):

## NATURE OF THE ACTION

1.     This is a civil action *in rem* to forfeit property to the United States pursuant to 18 U.S.C. § 924(d) because the defendants *in rem* are firearms involved in or used in a knowing violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), Felon in Possession of a Firearm.

2.     This is a civil action *in rem* to forfeit property to the United States pursuant to 18 U.S.C. § 924(d) because the defendants *in rem*  are firearms involved in or used in a knowing violation of 18 U.S.C. §§ 2 and 922(g)(1), Aiding and Abetting a Felon in Possession of a Firearm.

3.     Venue and jurisdiction in Arizona are based upon 21 U.S.C. § 881(j), and 28 U.S.C. §§ 1355(b) and 1395 as acts and omissions occurred in the District of Arizona

that give rise to this forfeiture action.  This Court has jurisdiction. 28 U.S.C. §§ 1345 and 1355, and 18 U.S.C. § 981(h).

## THE DEFENDANTS *IN REM*

4.　The defendants *in rem* consist of the following:

a.　Diamondback Arms, DB-10 Multi caliber rifle, SN: DB-4014923;

b.　SIG Sauer semi-automatic 5.56 caliber rifle, SN: 44B000179;

c.　Benelli, S. PA. Super Nova 12-gauge Shotgun, SN: Z5660241;

d.　Glock GMBH Model 20, 10mm pistol, SN: BKVU310;

e.　Springfield Armory, Geneseo IL EMP, 9mm pistol, SN: EMP73096; and

f.　Smith & Wesson M&P Shield, 9mm pistol, SN: JAY2115 (collectively the "defendant property"), currently in the custody of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF").

## JESSICA GRAHAM KNEW CHRISTOPHER WASAR WAS A CONVICTED FELON WHO POSSESSED FIREARMS

5.　On June 21, 2014, local law enforcement responded to an emergency call of a shooting in Peoria, Arizona. Upon arrival police located the victim later identified as Matthew Wasar, unconscious outside of an apartment building with a gunshot wound to the chest. Matthew Wasar is the brother of Christopher Michael Wasar ("Wasar").

6.　The investigation revealed that Wasar's estranged wife, Jessica Graham ("Graham"), had a relationship with Matthew Wasar.

7.　At the time of the shooting, Wasar and Graham intended to confront Matthew Wasar and were searching for him. While they searched the apartment, Wasar and Graham held Matthew Wasar's roommate at gunpoint.

8.　Wasar and Graham eventually found Matthew Wasar sitting in a vehicle outside of the apartment. Wasar confronted his brother Matthew who exited the vehicle with a knife. Wasar shot his brother in the chest one time. Matthew Wasar died from his injuries.

9.　During the investigation, detectives with the Peoria Police Department

2

seized the Wasar's vehicle and searched it. The search revealed drug paraphernalia and methamphetamine. Charges were filed on February 5, 2015, Maricopa County Superior Court, Case No. CR2014-129918-001. On December 4, 2015 Wasar was convicted of felony manslaughter and sentenced to five years imprisonment.

10.     Graham knew of the events leading to Wasar's prosecution and knew he was convicted of felony manslaughter.

### *Post-Conviction Incident in the Desert*

11.     On March 27, 2020, local law enforcement received a call of an assault involving weapons in the desert north of Peoria, Arizona. The victim reported that while riding dirt bikes in the desert, he was involved in an altercation with Wasar.

12.     The victim told responding officers that Wasar was armed with an AR15 style rifle, a sidearm pistol and was wearing a vest with a large knife and magazines attached to it.

13.     The victim further stated that Wasar's ex-wife, Graham, was armed with a pump style shotgun.

14.     The victim explained Wasar had punched him in the nose but because Wasar was armed, he refrained from fighting back because he feared he would be shot if he defended himself.

15.     As Wasar attempted to flee in his vehicle, Graham threw wood pallets and a washing machine from the back of their truck attempting to stop the officers.

16.     Wasar eventually stopped and fled from the truck on foot but was quickly apprehended.

17.     During the search of Wasar's truck officers located six firearms: LWRC International AR15, SN: 24-37512); Glock Model 45 9mm, SN: BLDW164; FNH Model FNX-45, SN: FX3UO18410; FDE Benelli 12 gauge shotgun, SN: Y107593L18; SIG Sauer P226 pistol, SN: 47E009458; and Smith and Wesson M&P 15-22, SN: DET9733; several rounds of ammunition, various loaded magazines, multiple knives, and methamphetamine.

18.   Wasar was arrested on charges of possession of a weapon from a prohibited person, unlawful flight from law enforcement, criminal littering, assault, and criminal trespass. On March 31, 2020, a direct complaint was filed in Maricopa County Superior Court Case No. CR2020-113521-001, charging Wasar with two counts of misconduct involving weapons, unlawful flight from law enforcement, and misdemeanor assault. Wasar failed to appear for the preliminary hearing scheduled for October 7, 2020, because he was in federal custody charged with Felon in Possession of a Firearm, 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

19.   Graham was present during this incident and arrest, knew Wasar was a convicted felon, and knew he had possessed firearms.

**Federal Charges**

20.   On July 27, 2020, officers with the Arizona Game and Fish Department and U.S. Forest Service were investigating a report of a dead antelope in the Coconino National Forest near Flagstaff, Arizona. Upon arrival, officers observed vehicle tracks leading to a pickup and an unlawful campsite full of litter where someone was actively target shooting.

21.   Officers saw Graham at the campsite and contacted her.  Although Graham knew Wasar was nearby, she told officers that she was the only individual at the campsite.

22.   Graham misled officers about Wasar's whereabouts because she knew Wasar was a convicted felon and he had possessed and was possessing firearms.

23.   Officers saw several firearms, including rifles and pistols, and several boxes of ammunition on the tailgate of the truck, in the truck, and on the camp tables.

24.   Graham admitted to target shooting and advised officers that all the trash at the campsite was hers as she had been at the campsite for a couple of weeks.

25.   While searching for the dead antelope near Graham's campsite, officers

located Wasar, laying on the ground behind a tree attempting to hide. Officers instructed Wasar to stand up, at which point they could see an empty holster on his hip looped through his belt.

26.    Wasar admitted to being a convicted felon but denied possessing any of the firearms.  The officers searched the area where Wasar was hiding and located a shotgun with several rounds of ammunition and a fully loaded handgun.

27.    Wasar told the officers the firearms were Graham's. Wasar was handcuffed and escorted back to the campsite.

28.    When officers asked Graham why she had lied about being the only individual at the campsite, Graham responded that Wasar was a felon and he was not supposed to be in possession of firearms.

29.    Officers conducted a consent search of the vehicle and located a total of 1.8 grams of methamphetamine inside prescription pill bottles, a plastic baggie with a grinder, and a glue stick container. Graham admitted to possessing the methamphetamine.

30.    Officers also located 3,376 rounds of ammunition and ten firearms: Glock model 20, 10mm, SN: BKVU310; Benelli Supernova 12 gauge shotgun, SN: Z5660241; Springfield EMP, 9mm semi-automatic pistol, SN: 73096; Smith & Wesson .22LR semi-automatic pistol, SN: HJH0111; Smith and Wesson M&P, 9mm semi-automatic pistol, SN: JAY2115; Remington 700 bolt action .308 caliber rifle, SN: G6750069; SIG Sauer 556 semi-automatic 5.56 caliber rifle, SN: 44B000179; Diamondback DB10 semi-automatic .308 caliber rifle, SN: DB-4014923; Henry Arms H001 lever action. .22 long rifle, SN: C070504H; and Savage 11, .22-250 bolt action rifle, SN: N020677.

31.    The Diamondback DB10 semi-automatic .308 caliber rifle, SN: DB-4014923, accepts large capacity magazines and was in close proximity to three 30-round magazines and two 20-round magazines.

32.    The SIG Sauer 556 semi-automatic 5.56 caliber rifle, SN: 44B000179,

accepts large capacity magazines and was in close proximity to two 20-round magazines. The magazines were located on top of a table and the firearms were resting on the ground leaning in a wooden rifle rack mounted to the table next to the magazine.

33.   In post-arrest interviews, Graham advised she was the owner of all the weapons.

34.   While being transported to jail Wasar made the following statements: He carried a gun "because I will shoot you in the knee before you can punch me"; when he lived in California he purchased a gun every 30 days for six years; he shot both of his children with birdshot from a shotgun at 100 yards; and he expressed interest in 10mm caliber handguns.

35.   The seized property was not manufactured in Arizona and therefore had been shipped or transported in interstate or foreign commerce.

36.   On September 23, 2020, Wasar was indicted by a federal grand jury for violations of 18 U.S.C. §§ 922(g)(l) and 924(a)(2) (Felon in Possession of a Firearm), *USA v. Christopher M. Wasar*, 3:20-cr-08088-PCT-DWL, United States District Court, District of Arizona. The indictment included a forfeiture allegation.

37.   On January 19, 2021, Wasar pled guilty to Count 1 of the Indictment charging him with violating of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), Felon in Possession of a Firearm, a Class C felony offense. The elements of the offense outlined in Wasar's plea agreement establish that on July 27, 2020 Wasar knowingly possessed a firearm that had been shipped or transported in interstate or foreign commerce and he knew he had been convicted of a felony punishable by more than one year in prison. Further, Wasar agreed to the forfeiture allegation giving up any right, title or interest in all property seized on July 20, 2021, including the defendant property at issue.

38.   On February 11, 2021, the court in *USA v. Christopher M. Wasar* entered an Order of Forfeiture [30].

39.   Pursuant to Fed. R. Crim. P. 32.2(b)(6) and Fed. R. Civ. P. Supp. G(4), on

February 12, 2021, the government sent notice of its intent to forfeit the seized property to James E. Wasar (Wasar's father) and to Graham via United States Postal Service First-Class and Certified United States mail.  The government also posted a notice of forfeiture on an official government internet website for at least thirty consecutive days, beginning on February 13, 2021 and ending on March 14, 2021 [31].

40.   On March 22, 2021 Graham and James E. Wasar filed petitions respectively,  for return of property seized on July 27, 2021 [33, 34].

41.   In her petition, Graham claimed she is the owner of the defendant property and, therefore, the defendant property should be returned to her.

42.   Wasar and Graham married in 2002. Although they divorced in June of 2014, since Wasar's release from prison on September 20, 2018, Wasar and Graham have been in a committed relationship.

43.   Wasar is facing his third felony conviction related to possession of firearms. All three of Wasar's arrests were for felonies, and Graham was present when Wasar committed manslaughter when he shot his brother.

44.   Graham also was present with Wasar on March 27, 2020 when Wasar possessed firearms and assaulted another person in the Peoria, Arizona desert.

45.   Graham also was present with Wasar in 2021 when Wasar was arrested for possession of firearms in the Coconino National Forest near Flagstaff, Arizona.

46.   Graham allowed Wasar to possess the defendant property knowing that he was a convicted felon.

### FIRST CLAIM FOR RELIEF

The defendant property is firearms involved in or used in a knowing violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), Felon in Possession of a Firearm, and therefore is subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d).

### SECOND CLAIM FOR RELIEF

The defendant property is firearms involved in or used in a knowing violation of 18 U.S.C. §§ 2 and 922(g)(1), Aiding and Abetting a Felon in Possession of a Firearm,

and therefore is subject to forfeiture to the United States pursuant to 18 U.S.C. 924(d).

## <u>NOTICE TO ANY POTENTIAL CLAIMANT</u>

If you assert an interest in the defendant property and want to contest the forfeiture, you must file a verified claim that fulfills the requirements set forth in Supplemental Rule G. To avoid entry of default, a verified claim must be filed no later than thirty-five days from the date this Complaint has been sent in accordance with Supplemental Rule G(4)(b).

An answer or motion filed under Fed. R. Civ. P. 12 also must be filed no later than twenty-one days after filing the claim. The claim and answer must be filed in the United States District Court for the District of Arizona under the case number listed in the caption above and a copy must be served upon the undersigned Assistant United States Attorney at the address provided in this Complaint.

This notice provision does not provide you with any legal advice and is designed only to provide you with a general understanding of these proceedings. Any statements made in your claim or answer may be introduced as evidence against you in any related or future criminal case. You should consult an attorney to represent your interests in this matter and note that a stay of proceedings may be available under 18 U.S.C. § 981(g)(2).

IF YOU ARE A VICTIM, and have sustained economic loss as a result of the crime(s) giving rise to this civil action, you may be entitled to petition for remission, mitigation, or restoration under Title 28, Code of Federal Regulations ("C.F.R."), section 9.2. In lieu of filing a Claim with the Court, you may promptly submit a letter outlining your interest in the property to the undersigned Assistant United States Attorney. Plaintiff will notify you when it has received your letter, and further instructions may be provided upon conclusion of this action. The United States Attorney General shall have sole responsibility for disposing of petitions for remission or mitigation with respect to property involved in a judicial forfeiture proceeding under 18 U.S.C. § 981(d) and 21 U.S.C. § 881(d). If your status as a victim is contested, timely receipt of your letter will not shield you from entry of default for failing to file a proper claim with the Court.

IF YOU ARE A LIENHOLDER, it is the policy of the United States Attorney's Office to honor all claims received from legitimate titled lienholders as defined under 28 C.F.R. § 9.2. In lieu of filing a claim with the Court, you may send a letter to the undersigned Assistant United States Attorney outlining your interest in the property, including: (1) the amount presently owed on the lien; (2) a copy of the security agreement setting forth your interest; and, (3) whether the owner is in default. If your lien is sufficient, Plaintiff will notify you to verify receipt of your letter. In the event of forfeiture, and to the extent practicable, proceeds from the sale and disposition of the subject property will be remitted to you in satisfaction of the lien. As noted above, timely receipt of your letter will not shield you from entry of default for failing to file a proper claim with the Court.

## PRAYER FOR RELIEF

WHEREFORE, the United States of America prays that process issue for an arrest warrant *in rem* issue for the arrest of the defendant property; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant property be forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other and further relief as this Court deems just and proper, together with the costs and disbursements of this action.

Respectfully submitted this 19th day of April 2021.

PAUL ANTHONY MARTIN
Acting United States Attorney
District of Arizona

*S/Mark J. Wenker*
MARK J. WENKER
Assistant United States Attorney